**FILED
CLERK**

10/12/2018 3:13 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
--------------------------------------
DEBBIE ZAGAJA,                        | Docket 15-cv-01017-JFB-SIL
                                      |
                          Plaintiff,  | United States Courthouse
                                      |
                v.                    | Central Islip, New York
                                      |
VILLAGE OF FREEPORT, et al,           |
                                      | September 28, 2018
                          Defendants. | 1:09:02 pm - 1:22:16 pm
--------------------------------------

                    TRANSCRIPT FOR CIVIL CAUSE
             - TELEPHONIC RULING ON MOTION TO DISMISS -
                BEFORE THE HONORABLE JOSEPH F. BIANCO
                    UNITED STATES DISTRICT JUDGE
```

A P P E A R A N C E S :

*For Plaintiff:*                ROBERT JOHN VALLI, JR., ESQ.
                                Valli Kane & Vagnini, LLP
                                600 Old Country Road, Suite 519
                                Garden City, New York 11530
                                (516) 203-7180; (516) 706-0248 fax
                                rvalli@vkvlawyers.com


*For Defendants, Village of*    RICHARD S. FINKEL, ESQ.
*Freeport, Miguel Bermudez:*    Bond Schoeneck & King, PLLC
                                1399 Franklin Avenue, Suite 200
                                Garden City, New York 11530
                                (516) 267-6328; (516) 267-6301 fax
                                RFinkel@BSK.com


*Transcriber:*                  AA EXPRESS TRANSCRIPTS
                                195 Willoughby Avenue, Suite 1514
                                Brooklyn, New York 11205
                                (888) 456-9716
                                aaexpress@court-transcripts.net


*(Proceedings recorded by electronic sound recording)*

1    COURTROOM DEPUTY: Calling civil case 15-1017, *Zagaja*
2    *v. Village of Freeport*. Counsel, please state your appearances
3    for the record.
4          MR. VALLI: It's Robert Valli, from Valli Kane &
5    Vagnini, for the Plaintiff. Good afternoon, Your Honor.
6          THE COURT: Good afternoon, Mr. Valli.
7          MR. FINKEL: And for the Village of Freeport, Miguel
8    Bermudez, it's Richard Finkel, from Bond Schoeneck & King. Good
9    afternoon, Judge.
10         THE COURT: Good afternoon. As you know, I wanted to
11   have this conference to place the Court's ruling on the record
12   with respect to the pending motion for summary judgment. What I
13   intend to do is to follow it up with a written decision, but
14   this is one of the oldest motions on my docket, and if you
15   combine it with Zagaja-1, it's certainly one of the oldest cases
16   on the docket. So, I wanted to just give a brief recitation of
17   the Court's ruling. I'm going to follow it up with a written
18   opinion. But in the meantime, I wanted the parties to be able
19   to proceed. But I think we can talk about it. I think there
20   was never a pre-trial order prepared for Zagaja-1 or for the
21   portion now, Zagaja-2 that I'm allowing to proceed. But we can
22   talk about that in a minute.
23         The Court, having reviewed the papers and conducted
24   oral argument, I'm granting the motion for summary judgment as
25   relates to any discrimination claims. Whether it be the

1  discrete acts that we're talking about here for purposes of a
2  discrimination claim based upon my reading of the complaint and
3  the briefing on the motions for summary judgment was overtime, a
4  failure to provide overtime. Also, with respect to what is
5  referred to as the exit package.
6        And then there was also raised in the papers whether I
7  agree with Mr. Finkel that it was not alleged as such in the
8  complaint, a failure to promote to the administrative lieutenant
9  position. I'm granting summary judgment as to those particular
10 claims as it relates to any type of discrimination based on
11 race, gender or color. I don't believe a rational jury could
12 find in the Plaintiff's favor on those particular acts with
13 respect to those grounds based upon the evidence that's in the
14 record.
15       I will note, the one caveat to that would be, I'm
16 going to allow it to proceed under a retaliatory hostile work
17 environment because I do believe there could be evidence for
18 retaliation. But on the issue of overtime, to me, it's clear.
19 And I'm not even sure Mr. Valli is arguing that for the later
20 years of 2013 and '14 that a rational jury could possibly find
21 any type of discrimination. And I think he even conceded at
22 oral argument that that was what he called a correction of what
23 unlawful discrimination prior to that time after the second that
24 it was corrected. Essentially, after the second EEOC complaint
25 was filed.

1    So, although there may be, and we discussed this at
2 the oral argument with respect to 2011, I think that Mr. Valli
3 can argue with respect to what he refers to as the discretionary
4 overtime in 2011 that at least under a hostile work environment
5 for purposes of retaliation that that was part of a campaign to
6 retaliate.  But to the extent that you were going to try to
7 argue, Mr. Valli, that that's a discrete act that you should be
8 able to bring a separate claim for, that she was treated
9 differently than men, I think clearly that would be time-barred
10 based upon when you filed this complaint to the extent you're
11 trying to raise a new claim for that.
12    So, for those reasons, the new action that I'm dying,
13 and it's a little bit hard to even assess this, because as we
14 discussed at the oral argument, a lot of this is already part of
15 Zagaja-1; but I'm denying the motion for summary judgment on
16 retaliation as it relates under Title VII.  You can also have
17 retaliation under § 1983.  I'm allowing those claims in this
18 case to proceed to the extent that it's not already covered by
19 Zagaja-1.
20    I believe Mr. Valli should be able to argue, as I
21 said, that conditional allegations that he refers to in this
22 complaint, although Defendants obviously have arguments in
23 response to some of these incidents and allegations, if not all
24 of them, where they say there was justification for it, or it
25 didn't happen as the Plaintiff asserted.  I believe Mr. Valli

should have the opportunity. The standard for retaliation is whatever would reasonably dissuade a person from filing a charge of discrimination, so you won't need an adverse employment action. And as the caselaw is clear, as I have cited in numerous opinions, you can also accumulate them together to show that there was a retaliatory hostile work environment over a long period of time following her initial complaint of discrimination in the filing of Zagaja-1.

So, that's how the case is going to proceed, Mr. Valli. You're going to be able to bring these as part of your overall retaliation claim. As I said at the oral argument, we didn't address it because I had to decide the motion. I think this case would simply just be consolidated with Zagaja-1. You already have a retaliation claim going forward in Zagaja-1. And you will be allowed to pursue these additional acts as part of that. I hope that makes sense to give parties guidance in terms of moving forward. Mr. Valli, do you understand the Court's ruling?

MR. VALLI: I do, Your Honor, and I think it is relatively clear. I definitely agree that doing it all at once, together would make much more sense. And it makes it clear that way for any jury.

THE COURT: All right. Mr. Finkel, do you understand the Court's ruling?

MR. FINKEL: I'd like to say yes, Judge. I have a

1  grasp of it for the most part.  I am, as I have always been, a
2  little confused by the repetitive allegations that carry over
3  from one to two.  And I'm not really sure what was new other
4  than the overtime, but I guess we'll have to sort that out.
5           THE COURT:  Yeah.  I went back, and it was a little
6  confusing for me as well.  When I looked back at the amended
7  complaint in Zagaja-1, it didn't appear to have everything that
8  is not in Zagaja-2.  But when I looked at my summary judgment
9  decision, it appeared that in the summary judgment motion, some
10 of the things that may have not been in the complaint in Zagaja-
11 1 were in the summary judgment motion.
12          MR. FINKEL:  Right.
13          THE COURT:  But the bottom line is that's why
14 obviously I think the cases should be consolidated.  And I'm not
15 going to go act by act and say whether or not that act would be
16 enough for retaliation or not, because that's not what the law
17 requires for purposes of retaliation.  He can try to assert one
18 act, could reasonably dissuade someone, but even if one act
19 couldn't, he could still argue to the jury that these ten acts
20 together would reasonably dissuade someone because they're so
21 pervasive.
22          So, what I'm going to ask that you do, and you can
23 always come back to me if there's any confusion about how to
24 address it.  But I would suggest first of all that you try to
25 enter into a stipulation that consolidates the two actions for

1   purposes of trial.  And I didn't see it on the docket, maybe
2   you'll correct me if I'm wrong; we never did a pretrial order
3   for Zagaja-1, right?
4            MR. FINKEL:  We never did.  Everything was put on hold
5   pending the outcome of this motion.  There is another attorney
6   that represents Hardwick as an individual Defendant in Zagaja-1.
7   There was discussion with him today and since he wasn't a party
8   to this case, he chose not to participate in the call.  So, I
9   guess his feedback would be important for this.
10           THE COURT:  Why don't we do this then.  That's a good
11  point.  I'll give you two weeks from today just to talk among
12  the three counsel.  You could tell him what I'm anticipating,
13  and if we need a conference call, have another conference if he
14  disagrees with this approach.  But as soon as he agrees, then he
15  would have to enter the stipulation too that the two actions are
16  being consolidated for purposes of trial, and in terms of the
17  date for the pre-trial order.  We're booked until December, so
18  there's no reason to make it due -- I usually make them due in
19  30 days, but that's unnecessary.  We can say like December 14.
20           MR. FINKEL:  For the pretrial order?
21           THE COURT:  Right.
22           MR. FINKEL:  Okay.
23           THE COURT:  That gives you plenty of time.  And then
24  we would have a conference call I think probably in early
25  January to set a trial date hopefully for the first part of next

1  year.  I'm sorry, Mr. Finkel, what were you going to say?
2           MR. FINKEL:  I was just going to ask what you or your
3  calendar looks like just to project out.
4           THE COURT:  Yeah.  My goal would be that you would
5  have a conference call in January and hopefully do this case, my
6  hope would be like in March or April.
7           MR. FINKEL:  Okay.  It's early now, but I do have rare
8  vacation planned for the end of February until the first week of
9  March.
10          THE COURT:  Okay.  Don't worry, I will not interfere
11 with your vacation.
12          MR. FINKEL:  Thank you.
13          THE COURT:  All right?  But also, I know we talked
14 about this before, but I would suggest before, and I don't know
15 what efforts there were to try to resolve this case.  I think
16 there were some.  I remember you telling me there were some, but
17 I would go back to both of you to go back to your clients, and
18 you can tell them that Judge Bianco is strongly urging both
19 sides to sit down to try to resolve the case.  You never had
20 mediation or anything like that, did you?
21          MR. FINKEL:  We did not.
22          MR. VALLI:  We did not.
23          THE COURT:  If you thought mediation would help, if
24 you think a settlement conference with me would help, if you
25 think a settlement conference with a magistrate judge would

1  help, whatever both of you, including Mr. Hardwick's counsel,
2  thinks would be the most fruitful way.  If there's any
3  possibility, I would suggest that.  Because this is a case that
4  both sides know, as the other case was -- I forget the other
5  guy's name.
6           MR. FINKEL:  Cavanaugh?
7           THE COURT:  No.
8           MR. VALLI:  Chris Barela.
9           THE COURT:  Not Cavanaugh, Barela.
10          MR. VALLI:  Christopher Barela.
11          THE COURT:  Barela could be litigated for years, and
12 both sides were just expending attorney's fees, with Defendants
13 ultimately being responsible for Mr. Valli's fees should he
14 prevail.  So, it doesn't make sense to me when I look at the
15 case, that parties haven't been able to try -- if both sides are
16 being reasonable, this case should be resolved.  All right?  But
17 I leave that up to you.
18          MR. VALLI:  Thank you, Judge.
19          THE COURT:  All right.  You're okay?
20          MR. FINKEL:  So, I think you said that you wanted to
21 have a conference call regarding this consolidation?
22          THE COURT:  No, I said two weeks from today, I just
23 want to find out.  If everyone agrees, we don't have to have a
24 conference call.  If you put in a stipulation between now and
25 two weeks from now that consolidates the cases, and assuming Mr.

Hardwick's attorney is okay with the pretrial order date, then I'll just so-order the stipulation, and we don't have to have a conference because there's nothing to talk about. All right?

        MR. FINKEL: Okay. Okay. Very good.

        THE COURT: All right.

        MR. VALLI: Okay.

        THE COURT: Thank you.

        MR. FINKEL: Thank you, Judge.

        THE COURT: Okay.

        MR. FINKEL: Have a good day.

        THE COURT: You too. Bye.

        MR. VALLI: Thank you, Judge.

                - o0o -

```
 1                         CERTIFICATION
 2
 3         I, Rochelle V. Grant, certify that the foregoing is a
 4   correct transcript from the official electronic sound recording
 5   of the proceedings in the above-entitled matter.
 6
 7   Dated:  October 9, 2018
 8
 9                                   _____
10                                        Rochelle V. Grant
```